UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK N.A., AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-4,<br><br>    Plaintiff,<br><br>    v.<br><br>DIANE JANELLE, SHANE JANELLE, AND STEPHEN MONAGHAN,<br><br>    Defendants. | 2:20-cv-00337-JAW |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

On September 23, 2020, U.S. Bank N.A., as trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-4 (U.S. Bank), filed a complaint against Diane Janelle, Shane Janelle, and Stephen Monaghan. *Compl.* (ECF No. 1). U.S. Bank alleges that on July 2, 2019 it obtained a foreclosure judgment in the Maine District Court in Biddeford, Maine against the property of Diane and Shane Janelle (Janelles) at 439 Pool Street in Biddeford. *Compl.* ¶ 12; *see id.*, Attach. 4, *Judgment of Foreclosure and Sale*. Rather than pay the foreclosure judgment, U.S. Bank alleges the Janelles, with the assistance of Mr. Monaghan, filed documents in the York County Registry of Deeds, titled "Waiver of Foreclosure," "Discharge of Mortgage," and "Administrative Declaratory Judgment," purportedly acting on behalf of U.S. Bank with the intent to cloud the

title record and defraud U.S. Bank.  *Compl.* ¶¶ 14-15; *see id.*, Attachs. 8-10 (*Discharge of Mortgage, Waiver of Foreclosure and Administrative Declaratory Judgment*).  U.S. Bank asks the Court to issue a declaratory judgment declaring the Discharge of Mortgage, Waiver of Foreclosure and Administrative Declaratory Judgment unauthorized, forged, fraudulent, void ab initio, asking the Court to strike the fraudulent documents from the public records, and requesting the Court to reinstate the mortgage lien as a priority lien in the same priority as if the Discharge of Mortgage, Waiver of Foreclosure and Administrative Declaratory Judgment were never filed.  *Compl.* at 6.

On October 15, 2020, the Janelles and Mr. Monaghan (Defendants) filed responses to the Complaint titled "Dilatory Petition to the COMPLAINT."  As the responses request that the Court "vacate the purported plaintiffs' void purported summons and complaint," the Court treats these responses as motions to dismiss.[1]  *Dilatory Petition to the COMPL.* at 7, ¶ 6 (ECF No. 6) (*Defs.' Mot. to Dismiss*).  The Defendants argue that they are not "persons" within the meaning of the Maine Uniform Commercial Code and as defined by 1 U.S.C. § 8.  They write that "[i]n fact Shane and in fact Diane are people, the man and the woman," but "[i]n fact Shane and in fact Diane are not persons, individuals and or any other legal or commercial entities as defined within the above stated references; specifically, without our

---

[1]   The Janelles and Mr. Monaghan filed separate motions to dismiss, but because they have made the same arguments the Court considers both motions together.  *Compare Dilatory Petition to the COMPL.* (ECF No. 6); *with Dilatory Petition to the COMPL.*, Attach. 1, *Dilatory Petition to the COMPL.* (ECF No. 6) (*Monaghan Mot.*).  As the two pleadings are substantially identical, a citation for one is a citation for the other.

knowingly, willfully and intentionally expressed written lawfully authorized consent." *Id.* at 3, ¶¶ 8-9. They argue U.S. Bank "must prove that **in fact Shane and in fact Diane, the Man and the Woman** *knowingly, willfully, and intentionally* entered into a contract to create **SHANE AND DIANE the legal entities** in the purported particular action." *Id.* at 4, ¶ 15 (emphasis in original). Because U.S. Bank has not done so and because Defendants have not consented to the lawsuit, Defendants claim U.S. Bank does not have standing to sue them.[2] *Id.* at 4-6, ¶¶ 17-29.

U.S. Bank responded to the motions to dismiss on October 16, 2020 arguing that Defendants' understanding of whether they can be sued is wrong because "the fact that Defendants have air coming in and out of their lungs, are of the age of majority, and are 'sui juris' (as they admit to being) makes them subject to suit." *Pl.'s Opp'n to Defs.' Mot. to Dismiss (Improperly Called "Dilatory Pet. to the Compl.")* ¶ 4 (ECF No. 10). The Defendants each reply, repeating the arguments from their motions to dismiss. *In fact Shane Reply to Reply with Default Notice # 1* (ECF No. 13), *In fact Diane Reply to Reply with Default Notice #1* (ECF No. 14), *In fact Stephen Reply to Reply with Default Notice #1* (ECF No. 15).

The Defendants' motions to dismiss have no merit. In support of their motions, the Defendants cite 1 U.S.C. § 8,[3] which states that the words "person," "human

---

[2] The Monaghan motion contains identical language, except with Mr. Monaghan's name instead of the Janelles' names. *Monaghan Mot.* at 3-6, ¶¶ 8, 9, 15, 17-29.

[3] 1 U.S.C. § 8 reads:

§ 8. "Person", "human being", "child", and "individual" as including born-alive infant
    (a) In determining the meaning of any Act of Congress, or of any ruling, regulation, or interpretation of the various administrative bureaus and agencies of the United States,

3

being," "child," and "individual" include "born-alive infants." However § 8 should be construed when a question of whether a fetus was "born alive" comes before it, the Court discerns no relevance of this statute to U.S. Bank's claims in this case against the Defendants. The Court does not construe § 8 as excluding people, men and women, like the Janelles and Mr. Monaghan from the reach of the law.

The Defendants also cite 11 M.R.S. § 1-1201(27)[4] in support of their motion. Again, the Court sees no relevance of this provision of Maine's version of the Uniform Commercial Code (Maine UCC) to whether these Defendants are properly subject to suit. The Court similarly does not construe the definition of "person" in the Maine UCC, *see* 11 M.R.S § 1-1201(27), as immunizing men and women like the Janelles and Mr. Monaghan from lawsuits.

Moreover, U.S. Bank alleged that Shane and Diane Janelle, the Defendants in this case, are the same individuals who borrowed $228,000 in 2005. If the Janelles could borrow the money, they can be sued in the same capacity for attempting to

---

the words "person", "human being", "child", and "individual", shall include every infant member of the species homo sapiens who is born alive at any stage of development.
(b) As used in this section, the term "born alive", with respect to a member of the species homo sapiens, means the complete expulsion or extraction from his or her mother of that member, at any stage of development, who after such expulsion or extraction breathes or has a beating heart, pulsation of the umbilical cord, or definite movement of voluntary muscles, regardless of whether the umbilical cord has been cut, and regardless of whether the expulsion or extraction occurs as a result of natural or induced labor, cesarean section, or induced abortion.
(c) Nothing in this section shall be construed to affirm, deny, expand, or contract any legal status or legal right applicable to any member of the species homo sapiens at any point prior to being "born alive" as defined in this section.

[4] Subsection 27 of section 1-1201 of title 11 of the Maine Revised Statutes reads:

(27). "Person" means an individual, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, government, governmental subdivision, agency or instrumentality, public corporation or any other legal or commercial entity.

4

prevent the completion of the state-court foreclosure for failure to pay in accordance with the promissory note they signed. Mr. Monaghan is alleged to have signed affidavits in support of the Janelles' efforts to avoid the terms of the mortgage and promissory note and in doing so, in the same capacity, he made himself subject to suit. Defendants cited no cognizable or convincing legal authority for their theory and the Court is aware of none.

The Court DENIES Shane and Diane Janelle's Motion to Dismiss (ECF No. 6) and Stephen Monaghan's Motion to Dismiss (ECF No. 11).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2020