UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK N.A., AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-4,<br><br>    Plaintiff,<br><br>    v.<br><br>DIANE JANELLE, SHANE JANELLE, AND STEPHEN MONAGHAN,<br><br>    Defendants. | 2:20-cv-00337-JAW |

**ORDER ON PENDING MOTIONS**

The Court resolves several motions in this case. Because it concludes that the defendants have otherwise defended this lawsuit under Federal Rule of Civil Procedure 55(a), the Court sua sponte sets aside the Clerk's entry of default. Because this lawsuit was filed originally in federal court and the Court may not remand a lawsuit that was never removed, the Court denies the defendants' motion to remand to state court. The Court overrules or strikes a series of notices that the defendants filed as non-meritorious.

**I.    BACKGROUND**

On September 23, 2020, U.S. Bank N.A., as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-4 (U.S. Bank) filed a complaint against Diane Janelle, Shane Janelle, and Stephen

Monaghan (Defendants) seeking an order declaring a discharge of mortgage, wavier of foreclosure and administrative declaratory judgment that the Defendants filed in the Registry of Deeds for York County to be unauthorized, fraudulent, wrongfully recorded and null and void, and declaring U.S. Bank's mortgage and judgment valid and enforceable.  *Compl.* (ECF No. 1).  U.S. Bank also sought a judgment against the Defendants for damages caused U.S. Bank plus punitive damages and attorney's fees.  *Id.*  On October 16, 2020, U.S. Bank filed affidavits of service for each Defendant.  *Proof of Service* (ECF Nos. 7, 8, 9).

On October 15, 2020, Shane and Diane Janelle (the Janelles) and Mr. Monaghan filed substantially identical motions to dismiss the complaint.  *Dilatory Pet. to the Compl.* (ECF No. 6); *Dilatory Pet. to the Compl.* (ECF No. 11).  U.S. Bank responded on October 16, 2020.  *Pl.'s Opp'n to Defs.' Mot. to Dismiss (Improperly Called "Dilatory Pet. to the Compl.")* (ECF No. 10).  On October 26, 2020, the Janelles and Mr. Monaghan filed substantially identical replies to U.S. Bank's response.  *In fact Shane Reply to Reply with Default Notice # 1* (ECF No. 13); *In fact Diane Reply to Reply with Default Notice # 1* (ECF No. 14); *In fact Stephen Reply to Reply with Default Notice # 1* (ECF No. 15).  On November 4, 2020, the Court issued an order, denying the Defendants' motions to dismiss.  *Order on Defs.' Mot. to Dismiss* (ECF No. 16).

On November 10, 2020, Mr. Monaghan filed a motion for reconsideration of the order on the motion to dismiss.  *Judicial Notice, Certification of Wrongdoer Default, Order # 16 is Void for Want of Facts and Authority* (ECF No. 17).  That same day the

Janelles filed a similar motion, *Judicial Notice, Certification of Wrongdoer Default* (ECF No. 18), and Ms. Janelle separately filed a document entitled "Affidavit of Facts." *Aff. of Facts* (ECF No. 19). On November 12, 2020, U.S. Bank filed its opposition to the filings. *Pl.'s Opp'n to Defs.' Mots. for Recons., ECF Nos. 17, 18 & 19* (ECF No. 20). On December 9, 2020, the Court denied what it best characterized as motions for reconsideration and did not act on Ms. Janelle's affidavit because it was not in motion form. *Order Denying Mots. for Recons.* (ECF No. 24).

On December 15, 2020, the Defendants filed documents entitled "Sworn Claim." *Sworn Claim* (ECF No. 25) (*Sworn Claim of Stephen Monaghan*); *id.*, Attach. 1, *Sworn Claim* (*Sworn Claim of Shane Janelle*); *id.*, Attach. 2, *Sworn Claim* (*Sworn Claim of Diane Janelle*). On December 17, 2020, the Court issued an order striking these documents as scurrilous. *Order Striking Pleading* (ECF No. 26).

On December 29, 2020, U.S. Bank filed a motion for entry of default on the ground that no answer or responsive pleading had been filed. *Req. to Clerk to Enter Default Against Defs. Diane Janelle, Shane Janelle and Stephen Monaghan* (ECF No. 27) (*Pl.'s Req. for Default*). That same day, the Clerk entered a default against all three Defendants. *Order Granting Mot. for Entry of Default* (ECF No. 28). On January 4, 2021, Mr. Janelle filed a document entitled "Reply to said 3rd party Affidavit." *Reply to said 3rd Party Aff.* (ECF No. 29).

Next, on January 4, 2021, the Janelles filed a motion to remand to state court. *i, require: a 'court of record'; default discharge at Fed. Ct. and remand to [proper jurisdiction] state of Maine Dist. Ct. [reserve my, our right] to 'trial by jury'* (ECF No.

3

30) (*Janelles' Mot. to Remand*). On January 6, 2021, U.S. Bank filed a response to the motion to remand. *Pl.'s Opp'n to Defs.' Mots. to Remand (ECF No. 30)* (ECF No. 37) (*Pl.'s Opp'n to Mot. to Remand*).

Then again on January 4, 2021, the Janelles filed six documents each entitled "Notice". *Notice; 'right to pursue a claim'* (ECF No. 31) (*Defs.' Notice Right to Pursue a Claim*); *notice: venue* (ECF No. 32)[1] (*Defs.' Notice Venue*); *Notice: jurisdiction* (ECF No. 33) (*Defs.' Notice Jurisdiction*); *notice: Signatures:* (ECF No. 34) (*Defs.' Notice Signatures*); *notice: Verifications:* (ECF No. 35) (*Defs.' Notice Verifications*); *notice: Interference* (ECF No. 36) (*Defs.' Notice Interference*).

## II. DISCUSSION

### A. Entry of Default

Federal Rule of Civil Procedure 55(a) provides:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Relying on the Rules of Civil Procedure, on December 29, 2020, U.S. Bank filed a request to the Clerk to enter a default against the Defendants. *Pl.'s Req. for Default* at 1. The Court does not view this case to be an appropriate one for a default to be entered or a default judgment to issue.

---

[1] The documents at ECF Numbers 31 and 32 are identical. The Court is not sure why the Janelles filed the same document twice, but the Clerk's Office has delineated one as a right to pursue a claim and the other as venue. The Court has accepted the different descriptions of the same document and has addressed each as if the individual document makes a different point in accordance with the Clerk's Office description.

4

First, as the First Circuit has long held, "entry of default judgment is a 'drastic' measure that should only be employed in 'extreme situation[s].'" *Dimanche v. Mass. Bay Transp. Auth.*, 893 F.3d 1, 10-11 (1st Cir. 2018) (quoting *Stewart v. Astrue*, 552 F.3d 26, 28 (1st Cir. 2009) (quoting *Affanato v. Merrill Bros.*, 547 F.2d 138, 140 (1st Cir. 1977))). "The law does not favor defaults and instead encourages the resolution of cases on their merits." *Treadwell v. Vescom Corp.*, 1:17-cv-00037-JAW, 2018 U.S. Dist. LEXIS 78177, at *11 (D. Me. May 9, 2018) (citing *Stewart*, 552 F.3d at 28).

Next, "[t]he words, 'otherwise defend,' refer to the interposition of various challenges to such matters as service, venue, and the sufficiency of the prior pleading, any of which might prevent a default if pursued in the absence of a responsive pleading." 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2682 (2016 ed.). Here, it is clear that the Janelles and Mr. Monaghan are contesting U.S. Bank's right to relief in this civil action. Before U.S. Bank filed its motion for entry of default, the Defendants had filed: (1) a motion to dismiss, (2) replies to U.S. Bank's response to their motion to dismiss, (3) a motion for reconsideration of the Court's order on their motion to dismiss, (4) replies to U.S. Bank's response to their motion for reconsideration, and (5) sworn claims (later struck by the Court). Following U.S. Bank's motion for entry of default judgment, the Defendants have filed (1) a motion to remand to state court, and (2) six "Notices," raising such legal issues as venue and jurisdiction. Even though the Defendants have not filed answers to the Complaint, these multiple filings

establish from the Court's perspective that the Defendants object vehemently to U.S. Bank's lawsuit.

Finally, the United States Supreme Court directed that a pro se party's filings should be subject to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The First Circuit has written that courts should be "solicitous of the obstacles that pro se litigants face . . . and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." *Dutil v. Murphy*, 550 F.3d 154, 158-59 (1st Cir. 2008).[2]

In view of the state of the record, the Court concludes sua sponte that the Janelles and Mr. Monaghan have "otherwise defend[ed]" this lawsuit pursuant to Federal Rule of Civil Procedure 55(a) and the Court orders the Clerk's entry of default set aside.

### B. Janelles' Motion to Remand

On January 4, 2021, the Janelles filed a motion to remand. *Janelles' Mot. to Remand* at 1. In their motion, the Janelles assert there has been a trespass in the nature of a forged instrument, which began on June 30, 2016 and continues to this day. *Id.* They assert:

> after default discharge at Federal Court and remand to Maine District Court, MDC, i require trial by jury at MDC and require compensation for the initial and continual trespass upon my property.

*Id.*

---

[2] At the same time, the Court cautions the Janelles and Mr. Monaghan that their pro se status does not relieve them of the obligation to comply with the procedural rules and requirements of this Court. *Ruiz Rivera v. Riley*, 209 F.3d 24, 27 & n.2 (1st Cir. 2000).

In its response, U.S. Bank first argues that the remand provisions, 28 U.S.C. §§ 1446 and 1447, do not apply to cases brought initially in the United States District Court, but to cases initiated in state court and removed to federal court. *Pl.'s Opp'n to Mot. to Remand* at 1. Next, it notes that under 28 U.S.C. § 1447, a motion to remand must be made within thirty days of removal. *Id.* at 1, n.1. U.S. Bank further states that the proper procedural mechanism would be a motion to dismiss. *Id.* at 1, n.2. Finally, U.S. Bank asserts that it had a right to bring this civil action in the United States District Court pursuant to 28 U.S.C. § 1332(a)(1), the Court's diversity jurisdiction.

Regardless of the proper procedural mechanism, the Janelles may not obtain the relief they request. Section 1446 of title 28 provides a means by which a case begun in state court may be removed to federal court, but this provision does not apply because U.S. Bank initiated this civil action in the United States District Court, not in state court. Section 1447(c) of title 28 provides a mechanism for a party to move the United States District Court to remand the case back to the state court, but it presumes the case has been removed from state court to begin with. 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days <u>after the filing of the notice of removal</u> under section 1446(a)") (emphasis added).

Furthermore, as just quoted, the motion to remand for reasons other than subject matter jurisdiction must be filed within thirty days of the filing of the notice of removal. *Id.* ("A motion to remand the case on the basis of any defect other than

7

lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)") (emphasis added). Even if the Court were to construe the Janelles' motion as a motion to remand for lack of subject matter jurisdiction (and the basis of the motion is unclear) and therefore not be a motion subject to the thirty-day provision, a motion to remand to a state court that has never assumed jurisdiction of the case is not appropriate.

Alternatively, the Court could view the Janelles' motion to remand as a motion to dismiss based on jurisdictional grounds. But the Janelles offered no grounds for the Court to dismiss this civil action on that basis. To fit within the Court's diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must demonstrate that the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Here, U.S. Bank alleged that its main office is located in Cincinnati, Ohio and its citizenship is the location of its main office under 28 U.S.C. § 1332. *Compl.* ¶ 2 (ECF No. 1). The Complaint further alleged that the Janelles are residents of York County, Maine and are citizens of the state of Maine, and that Mr. Monaghan is a resident of Cape Elizabeth, Maine and is a resident of the state of Maine. *Id.* ¶¶ 3-4. The Complaint also alleges that the amount in controversy exceeds $75,000. *Id.* ¶ 5. On its face, therefore, U.S. Bank has complied with the jurisdictional requirements of 28 U.S.C. § 1332(a)(1) as there is diversity of citizenship and the amount in controversy exceeds $75,000. The Janelles presented no cognizable grounds to dismiss this civil action based on a lack of jurisdiction. The Court concludes that the Janelles' motion to remand is non-meritorious.

### C.    Janelles' Notices

#### 1.    Right to Pursue a Claim

On January 4, 2021, the Janelles filed a document that has the words, "Right to Pursue a Claim." *Defs.' Right to Pursue Claim* at 1. This document is not a traditional pleading and its meaning is obscure. *Id.* ("**Firstly: i, a man/woman, enter ['our case']**, [suit; accoutrements; &cs. . .] ***into* "Federal Court"**") (emphasis in original). The Court does not know how to interpret the document, but as best the Court can determine, the document does not claim any relief or state any understandable legal position. The Court therefore strikes it from the docket.

#### 2.    Venue

On January 4, 2021, the Janelles filed a separate document with the same language that the Court just quoted, but with the words, **Notice: Venue**, written in bold. *Defs.' Notice Venue* at 1. To the extent the Janelles are challenging the venue of this case, the Court rejects the challenge. Under 28 U.S.C. § 1391(b)(1), a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" and under 28 U.S.C. § 1391(b)(2), a civil action may also be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." The allegations in U.S. Bank's Complaint confirm that venue is proper under either provision. The Court overrules the Janelles' objection to venue.

### 3. Jurisdiction

On January 4, 2021, the Janelles filed a document with the same language that the Court just quoted, but with the words, **Notice: Jurisdiction**, written in bold. *Defs.' Notice Jurisdiction* at 1. Quoting Joseph Chitty as saying that a court has jurisdiction over a party who pays money into the court, the Janelles say that because they did not pay money into this Court but instead seek a discharge, this Court does not have jurisdiction over their case. *Id.* (quoting J. Chitty, at 444 (1851)).[3] The Janelles are wrong. Although Joseph Chitty is correct that if a party paid money into a court, the court would normally assume jurisdiction, the payment of money into a court is not the sole basis for the exercise of jurisdiction. As the Court delineated above, the Court has diversity jurisdiction over this case because the amount in controversy exceeds $75,000 and U.S. Bank as plaintiff and the Janelles and Mr. Monaghan as defendants are residents of different states. 28 U.S.C. § 1332. The Court overrules the Janelles' objection to its jurisdiction.

### 4. Signatures

On January 4, 2021, the Janelles filed a document entitled, "Notice: Signatures." *Defs.' Notice Signatures*. It reads in part:

> **Firstly:** i, a man; i, a woman, declare: all documents (including recommendations and orders) being placed into the 'case' file to have affixed upon it a "wet-ink" (blue, red or purple ink) signature of its creator, (NO RUBBER STAMPS) all documents submitted without

---

[3] The Janelles do not identify which Chitty wrote this comment or the textbook. There was a three-generational string of eminent Chitty lawyers in England during the 1800s. Most likely, the Janelles are referring to Joseph Chitty and his book, "A Treatise on Pleading, and Parties to Actions" published in 1851. The Court accepts the proposition in the citation. In fact, the procedure by which money is deposited in federal court is found in modern Federal Rule of Civil Procedure 67. But the Court overrules their objection on different grounds.

> "wet-ink" (blue, red or purple ink) signature the Court will take notice as a contempt of court and will be VOID.

*Id.* at 1. The Court strikes this filing. Federal Rule of Civil Procedure 5(d)(3) expressly allows for electronic filing and signing and provides that a "filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes the person's signature." Fed. R. Civ. P. 5(d)(3)(C). The Janelles have no legal right to impose their own requirements on the Court in derogation of the Federal Rules of Civil Procedure. As for other documents, the Rules of Evidence, not the Janelles' notice, will control admissibility.

### 5. Verifications

On January 4, 2021, the Janelles filed a document entitled, "Notice: Verifications." *Defs.' Notice Verifications*. It reads in part:

> **Firstly:** i, a man; i, a woman, declare: all documents (including recommendations and orders) being placed into the 'case' are to be verified in open court, under oath and affirmation, all documents submitted without verification Court will take notice as a contempt of court and will be Void.

*Id.* at 1. The Court strikes this filing. The Rules of Evidence, not the Janelles' notice, will control issues of the authentication and admissibility of documents into evidence.

### 6. Interference

On January 4, 2021, the Janelles filed a document entitled, "Notice: Interference." *Defs.' Notice Interference*:

> The *Janelle* Court delivers *notice*;

11

> i, a man, i, a woman, declare: any interference of; for, or; with the enjoyment of [my, our] property [the exercise of right(s)], by any qualified Employee, of court, will be held liable for damages due to injury and/or harm, resulting from or arising out of ANY tortuous act, error, or omission of the individual ['trespass upon the Case'];
>
> i, will require: compensation of one-dollar for every second (*viz,* moment in Time) for *any* trespass.

*Id.* at 1.

The Court strikes this filing. First, there is no known entity called The *Janelle* Court. To the extent that the Janelles are threatening to extract money from a court employee, which it appears they are, for some future alleged trespass, the Court deems the filing out of order.

### III. CONCLUSION

The Court SETS ASIDE the Clerk's Entry of Default (ECF No. 28). The Court DENIES the Defendants' Motion to Remand, *i, require: a 'court of record'; default discharge at Federal Court and remand to [proper jurisdiction] state of Maine District Court [reserve my, our right] to 'trial by jury'* (ECF No. 30). The Court OVERRULES Defendants' notice: venue (ECF No. 32) and Notice: jurisdiction (ECF No. 33). The Court STRIKES Defendants' Notice; 'right to pursue a claim' (ECF No. 31), notice: Signatures: (ECF No. 34); notice: Verifications: (ECF No. 35); and notice: Interference (ECF No. 36).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u><br>
JOHN A. WOODCOCK, JR.<br>
UNITED STATES DISTRICT JUDGE

Dated this 14th day of January, 2021