UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| U.S. BANK N.A., AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-4, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:20-cv-00337-JAW |
| DIANE JANELLE, SHANE JANELLE, and STEPHEN MONAGHAN, | ) ) ) ) ) | |
| Defendants. | ) | |

**AMENDED[1] ORDER ON PENDING MOTIONS**

Subject to the defendants' response to an order to show cause, the Court rejects the defendants' three motions, which raise questions of standing, an asserted failure to implead a necessary party, and a contention that a prior state foreclosure judgment is void. The Court grants the plaintiff's motion to dismiss one of the counts in its complaint but defers final ruling on its motion for an order striking the defendants' unauthorized filings with the registry of deeds and its motion for an order enjoining the defendants from any further unauthorized filings in the registry of deeds in order to comply with the provisions of Maine's Declaratory Judgment Act.

## I. STATEMENT OF FACTS

---

[1]     This amended order is issued to correct a margin formatting error found on page 13 of the *Order on Pending Motions* issued on October 15, 2021.

On July 16, 2021, the Court issued an amended order on the Plaintiff's motion for summary judgment, granting in part and dismissing in part the motion. *Am. Order on Pl.'s Mot. for Summ. J.* (ECF No. 92) (*Summ. J. Order*). The Court granted the Plaintiff's motion for summary judgment on the declaratory judgment count, granted the motion on the liability aspect of the fraud count, but denied the motion on the damages aspect of the fraud count. *Id.* at 22-23. On August 12, 2021, the Plaintiff moved to dismiss less than all counts and for entry of a final judgment on Count One, the declaratory judgment count. *Pl.'s Mot. to Dismiss Less than All Counts and for Entry of Final J. on Count I* (ECF No. 103).

Meanwhile, the Defendants filed a plethora of documents with the Court, which the Court discussed in its September 13, 2021 status order. *Order on Pending Filings* (ECF No. 113). Despite the Defendants' unconventional filings, the Court concluded that their documents at ECF Number 106, 107, 108, and 110 were motions requiring a response from the Plaintiff. *Id.* at 4-5. In fact, on September 10, 2021, U.S. Bank had already responded to Defendants' filings. *Pl.'s Consolidated Resp. to Mot. (Wrong Parties, No Commencement) (ECF No. 106), Mot. to Vacate J. (ECF No. 107) and refile at ECF No. 110) and Mot. (Waiver of Foreclosure, Lis Pendens) (ECF No. 108)* (ECF No. 111) (*Pl.'s Consolidated Opp'n*). In its September 13, 2021, status order, the Court explained that once U.S. Bank responded, the Defendants could reply. *Order on Pending Filings* at 4-5. The Court also noted that U.S. Bank's motions under ECF Numbers 103 and 112 required responses from the Defendants, and although the time for their response to ECF Number 103 had expired, they could

still respond to ECF Number 112. *Id.* at 5. On September 10, 2021, U.S. Bank filed a motion for an order to enjoin the Defendants from filing additional documents with the Registry of Deeds. *Pl.'s Pet. for Supp. Relief* (ECF No. 112). Finally, on October 8, 2021, the Court noted that it could find no record evidence of the lis pendens documents that U.S. Bank referred to in its filings and ordered U.S. Bank to produce those documents. *Order* (ECF No. 114). On October 13, 2021, U.S. Bank supplemented the record with copies of documents it filed with the York County Registry of Deeds. *Pl.'s Supp. to Consolidated Resp. (ECF NO. 111)* (ECF No. 115) (*Pl.'s Supp.*).

The status of pending motions is:

1) *Pl.'s Mot. to Dismiss Less than All Counts and for Entry of Final J. on Count I* (*Pl.'s Final J. Mot.*) filed August 12, 2021 (ECF No. 103);

    a) No response from Defendants;

2) *Notice: Wrong Parties, No Commencement* filed September 7, 2021 (ECF No. 106) (*Defs.' Wrong Parties, No Commencement Mot.*);

    a) *Pl.'s Consolidated Resp.* filed on September 10, 2021 (ECF No. 111);

    b) Defendants' reply due by October 5, 2021: No reply filed;

3) *Notice: Vacate Void EF 92 Attached* (ECF No. 107) (*Defs.' Vacate Mot.*);

    a) *Pl.'s Consolidated Resp.* filed on September 10, 2021 (ECF No. 111);

    b) Defendants' reply due by October 5, 2021: No reply filed;

4) *Notice: Waiver of Foreclosure, Lis Pendens* (ECF No. 108) (*Defs.' Waiver and Lis Pendens Mot.*);

    a) *Pl.'s Consolidated Resp.* filed on September 10, 2021 (ECF No. 111);

    b) Defendants' reply due by October 5, 2021: No reply filed;

5) *Notice: Vacate Void EF 16 Attached* (ECF No. 110):[2]

    a) *Pl.'s Consolidated Resp.* filed on September 10, 2021 (ECF No. 111);

    b) Defendants' reply due by October 5, 2021: No reply filed; and

6) *Pl.'s Pet. for Supp. Relief* (ECF No. 112);

    a) Defendants' response due by October 1, 2021: No response filed (*Pl.'s Mot. to Enjoin*).

The Court will address the Defendants' motions first and then turn to the Plaintiff's motions.

## II.    THE DEFENDANTS' MOTIONS

### A.    The Defendants' Position

Pending before the Court are the following Defendants' motions: 1) Defendants' Wrong Parties, No Commencement Motion; 2) Defendants' Vacate Motion; and 3) Defendants' Waiver and Lis Pendens Motion.

---

[2]     The Defendants' filing at ECF Number 110 is identical to their filing at ECF Number 107. The Court is treating the earlier filing at ECF Number 107 as the operative filing and dismisses without prejudice the identical motion they filed at ECF Number 110.

In their first motion, the Defendants assert that the property located at 439 Pool Street in Biddeford, Maine, had been transferred by Shane and Diane (presumably Shane and Diane Janelle) to Von Scott three months before U.S. Bank filed this lawsuit in federal district court. *Defs.' Wrong Parties, No Commencement Mot.* at 1. To substantiate their claim, the Defendants attach a document entitled "Quitclaim Deed" as Exhibit A3. *Id.* Attach. 1, *Quitclaim Deed.* The Quitclaim Deed is signed and dated June 29, 2020 but was not recorded in the York County Registry of Deeds until August 13, 2021. *Quitclaim Deed* at 1-5.

In their second motion, the Defendants claim that U.S. Bank did not have standing to file this lawsuit because it failed to present "**proof of possession and ownership of the mortgage note with the endorsement and the mortgage with the endorsement** for compliance to Maine Title 14 § 6321 to commence either **BIDDC-RE-16-090 and 2:20-cv-0037-JAW**." *Defs.' Vacate Mot.* at 1 (emphasis in original). In support of this contention, the Defendants attach as Exhibit B3 a motion filed in the state of Maine District Court for Biddeford. *Id.* Attach. 1, *Judicial Notice Mot. to Vacate Void J.*

In their third motion, the Defendants maintain that this Court does not have jurisdiction because foreclosure has been waived and a "Lis Pendens notice of default" has been filed. *Defs.' Waiver and Lis Pendens Mot.* at 1. The Defendants claim that U.S. Bank has failed "to produce evidence of standing to move purported 2:20-cv-0037-JAW and by default, admit wrong of trespass by way of forgery requiring discharge, expunge and compensation to Claimants." *Id.*

### B.    U.S. Bank's Responses

In its consolidated response, U.S. Bank noted that after Shane and Diane Janelle defaulted on their note and mortgage to U.S. Bank, U.S. Bank initiated a foreclosure action in state of Maine District Court, Biddeford, Maine, under *U.S. Bank National Association as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificate 2004 v. Diane Janelle*, Docket No. BIDDC-RE-16-090. *Pl.'s Consolidated Opp'n* ¶ 6. In that state court action, U.S. Bank says the "Foreclosure Case proceeded to trial on May 17, 2019 and resulted in the Court entering a judgment (the "Foreclosure Judgment") on July 2, 2019 in favor of Trustee and against the Janelles in the amount of $474,795.01, plus interest from and including May 18, 2019 at the rate of $48.71 per day, plus the right to sell the Property at auction sale if the Foreclosure Judgment was not paid within 90 days of entry." *Id.* ¶ 7.

Listing various notices to U.S. Bank and filings in the York County Registry of Deeds, U.S. Bank then asserted that the Janelles and Stephen Monaghan "engaged in a fraudulent and malicious scheme to cloud the right of the Trustee to enforce the Mortgage and its Foreclosure Judgment." *Id.* ¶ 8. This led, according to U.S. Bank, to its filing this federal action to obtain, among other things, an order declaring the Janelle/Monaghan filings void and striking the documents from the Register of Deeds. *Id.* ¶ 10. U.S. Bank noted that this Court granted summary judgment on the first count, declaring the Janelle/Monaghan filings unauthorized, forged, fraudulent, and void ab initio, striking these filings from the public records at the York County

6

Registry of Deeds, and declaring the U.S. Bank mortgage and lien reinstated. *Id.* ¶ 12. Following this Court's grant of summary judgment, U.S. Bank alleged that the Janelles/Monaghan filed additional fraudulent documents in the York County Registry of Deeds. *Id.* ¶¶ 16-18.

U.S. Bank says that the three docket filings by the Janelles/Monaghan should be denied. *Id.* ¶¶ 18-27. In U.S. Bank's view, the first motion, ECF Number 106, should be denied because it is based on the Janelles/Monaghan's assertion that U.S. Bank's federal lawsuit failed to include a necessary party, Von Scott. U.S. Bank says that the Quitclaim Deed that purportedly gave Mr. Scott an interest in the mortgaged property was not dated until June 29, 2020, and was not recorded in the Registry of Deeds until August 13, 2021, "almost eleven months after the present action was filed, and almost ten months after Trustee recorded its Notice of Lis Pendens related to this action." *Id.* ¶ 18. U.S. Bank acknowledges that the Quitclaim Deed to Von Scott was dated before U.S. Bank initiated this federal action, but "long after Trustee's Notice of Lis Pendens was recorded." *Id.* ¶ 21. Therefore, according to U.S. Bank, Mr. Scott was bound by the result of litigation referenced in the filed lis pendens and was not, in U.S. Bank's view, a necessary party to this action. *Id.* ¶ 21.

In U.S. Bank's view, the second motion, ECF Number 107, which is based on Federal Rule of Civil Procedure 60(b), is flawed because it fails to meet Rule 60(b) requirements and is barred by res judicata. *Id.* ¶¶ 22-26.

U.S. Bank says that the third motion, ECF Number 108, is "infused with fraud" because the Janelles/Monaghan may not "prepare, sign and record a 'Waiver of Foreclosure' on behalf of Trustee." *Id.* ¶ 27.

## III. DISCUSSION

### A. The Wrong Parties/No Commencement Motion: ECF No. 106

#### 1. The Defendants' Fundamental Misunderstanding

The Defendants' motion concerning wrong parties and no commencement betrays a fundamental misunderstanding of what is before this Court. This is not a foreclosure action. U.S. Bank filed a foreclosure action in state of Maine District Court and on July 2, 2018, the District Court for the state of Maine issued a foreclosure judgment in favor of U.S. Bank. *See Compl.* Attach. 4, *U.S. Bank National Association as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificate 2004 v. Diane Janelle*, Docket No. BIDDC-RE-16-090, *J. of Foreclosure and Sale* (ECF No. 1) (*State Foreclosure J.*).

Before this Court is a declaratory judgment action seeking relief from an alleged improper clouding of title. On September 23, 2020, U.S. Bank filed a civil action in this Court, complaining that Shane Janelle, Diane Janelle, and Stephen Monaghan engaged in a scheme to cloud title to the foreclosed property located at 439 Pool Street, Biddeford, Maine, by filing fraudulent and unauthorized documents in the York County Registry of Deeds. *Id.* ¶¶ 14-15. U.S. Bank sought as primary relief a declaratory judgment from this Court, declaring these documents null and void. *Id.* ¶ 22. This Court has jurisdiction over the case because U.S. Bank is not a citizen or

resident of the state of Maine and Mr. Janelle, Ms. Janelle, and Mr. Monaghan are residents of the state of Maine, and the amount of the debt as established by the state court judgment was well in excess of $75,000.00.  28 U.S.C. § 1332(a)(1).

Although the property located at 439 Pool Street in Biddeford provides the backdrop for this controversy, U.S. Bank's lawsuit is directed against Mr. Janelle, Ms. Janelle, and Mr. Monaghan not because they possess some type of interest in the property, but because U.S. Bank alleged that they were deliberately clouding title to the property.  Based on the allegations in the Complaint and in the later motion for summary judgment, the Court was required to examine the state of Maine foreclosure judgment and the notices the Janelles and Mr. Monaghan filed in the York County Registry of Deeds to assess the validity of U.S. Bank's allegations.  Relying on the documents that U.S. Bank filed with the Court, the Court found that on July 2, 2019, the state of Maine District Court issued a foreclosure judgment, ruling that U.S. Bank was entitled to foreclose against 439 Pool Street in Biddeford and that if Shane Janelle and/or Diane Janelle failed to redeem the mortgage, U.S. Bank was entitled to proceed to a public sale of the property.  *See State Foreclosure J.* at 4-5. Furthermore, U.S. Bank alleged that the Janelles had "not paid the Foreclosure Judgment" and there is no evidence in the record before the Court that this allegation is untrue.  *Compl.* ¶ 13.  Therefore, based on the contents of U.S. Bank's motion for summary judgment, the Court concluded that U.S. Bank was entitled to a summary judgment on the declaratory judgment count of the Complaint.  *Summ. J. Order* at 1-23.

Put differently, the Court's job in this case would be the same if a third person without any apparent connection to 439 Pool Street, Biddeford, started filing documents in the York County Registry of Deeds that clouded title to the property. Thus, whether Von Scott has an interest in 439 Pool Street, Biddeford, is not relevant to the issues in the case before this Court.

## 2. The Defendants' Standing to Raise Von Scott's Alleged Interest

In their motion, the Defendants deem U.S. Bank's declaratory judgment action fatally flawed because U.S. Bank failed to include Von Scott as a party defendant. A basic problem with this assertion is that the Janelles and Mr. Monaghan are making it on behalf of Mr. Scott and there is nothing in the record to demonstrate that they have standing to make legal claims on his behalf.

Furthermore, if the Janelles and Mr. Monaghan quitclaimed their interest in 439 Pool Street, Biddeford, to Mr. Scott on June 29, 2020, from that point on, they became third parties to the property and had no conceivable right to file in the York County Registry of Deeds the Notices to Cease and Desist dated July 1, 2020, August 3, 2020, August 17, 2020; the Waiver of Foreclosure dated August 17, 2020; the Discharge of Mortgage dated August 17, 2020; or the Administrative Declaratory Judgment dated August 17, 2020, all of which post-date their transfer of 439 Pool Street, Biddeford, to Mr. Scott and are the subject of U.S. Bank's Complaint. *Compl.* Attachs. 5-10.

## 3. Von Scott as a Necessary Party

Shane and Diane Janelle and Stephen Monaghan also claim that U.S. Banks' federal court action is fatally flawed because U.S. Bank failed to implead Von Scott as a necessary party. The timing as revealed by the record is important. U.S. Bank filed its state foreclosure complaint on June 30, 2016; it filed a copy of the Complaint in the York County Registry of Deeds on July 13, 2016; the date of the Maine District Court's foreclosure judgment is July 2, 2019; and the Maine District Court entered the foreclosure judgment on the docket on July 16, 2019. *Pl.'s Supp.*, Attach. 1, *Compl. for Foreclosure by Civil Action Title to Real Estate Is Involved*; *State Foreclosure J.* at 5. Following the issuance of the foreclosure judgment, U.S. Bank filed this lawsuit on September 23, 2020, and filed a lis pendens in the York County Registry of Deeds concerning this lawsuit on October 21, 2020. *Pl.'s Supp.*, Attach. 2, *Notice of Lis Pendens.*

The Janelles and Mr. Monaghan say that on June 29, 2020, they signed a Quitclaim Deed deeding 439 Pool Street, Biddeford, to Von Scott, even though the deed was not recorded until August 13, 2021.

In general, a lis pendens is "a notice required in some jurisdictions to warn all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit must be subject to the outcome of the litigation." BRYAN A. GARNER, GARNER'S DICTIONARY OF LEGAL USAGE, at 546 (3d ed. 2011). "[A] party may file a *lis pendens* either by filing a copy of the complaint in the Registry of Deeds or by filing a notice in the Registry that there is pending litigation over the property." *Makara Meng v. Vann*, No. RE-06-3, 2006 Me. Super. LEXIS 152,

at *3 (Jul. 14, 2006). "The us[e] of *lis pendens* has been frequently referred to - - without disapproval - - in Maine cases." *Id.* In 1878, the Maine Supreme Judicial Court described the impact of a lis pendens:

> The doctrine upon this subject as to purchasers . . . is this, that they are affected with constructive notice of all that is apparent on the face of the title deeds under which they claim, and of such other facts as those already known necessarily put them upon inquiry for, and as such inquiry, pursued with ordinary diligence and prudence, would bring to their knowledge.

*Jones v. McNarrin*, 68 Me. 334, 342 (1878) (quoting *Dexter v. Harris*, 7 F. Cas. 612, 614 (1822) (Story, J.)). More specifically, the Maine Supreme Judicial Court has written:

> It is indeed true that the plaintiff, having obtained title with full knowledge of the pending suit, is bound by the result of that suit as his grantor would have been had she kept the title.

*Holman v. Lewis*, 107 Me. 28, 31 (1910).

Applying these principles to this case, once U.S. Bank filed its foreclosure complaint in the York County Registry of Deeds on July 13, 2016, Mr. Scott would have "obtained title with full knowledge of the pending suit" and would be "bound by the result of that suit as [Shane Janelle, Diane Janelle, and Stephen Monaghan] would have been had [they] kept the title." *See id.* Thus, when the Janelles and Mr. Monaghan quitclaimed their interests in 439 Pool Street, Biddeford, on June 29, 2020, they transferred an ownership interest subject to a judgment of foreclosure entered by the Maine District Court on July 16, 2019.

Moreover, as the Janelles and Mr. Monaghan acknowledge, the Quitclaim Deed to Mr. Scott was not recorded in the York County Registry of Deeds until August

13, 2021.  The Maine foreclosure statute requires that a mortgagee serve process on "all parties in interest," defined as "mortgagors, holders of fee interest, mortgagees, lessees pursuant to recorded leases or memoranda thereof, lienors and attaching creditors all as reflected by the indices in the registry of deeds and the documents referred to therein affecting the mortgaged premises, through the time of the recording of the complaint or the clerk's certificate."  14 M.R.S. § 6321.  Mr. Scott was not a party in interest as of July 13, 2016, when U.S. Bank filed a copy of the foreclosure complaint in the York County Registry of Deeds because the Quitclaim Deed postdated July 13, 2016.

Finally, whatever legal impact of the Quitclaim Deed between the Janelles, Mr. Monaghan, and Mr. Scott before it was recorded on August 13, 2021, Maine law provides that "[n]o conveyance of an estate . . . is effectual against any person except the grantor, his heirs and devisees, and persons having actual notice thereof unless the deed . . . is acknowledged and recorded in the registry of deeds within the county where the land lies . . . ."  33 M.R.S. § 201.  By the time the Quitclaim Deed was recorded on August 13, 2021, U.S. Bank had not only recorded the foreclosure complaint on July 13, 2016, but also its lis pendens on October 20, 2020.  Thus, the unrecorded Quitclaim Deed had no effect under Maine law against U.S. Bank.  When Mr. Scott obtained title to 439 Pool Street, Biddeford, he took title subject to the results of both the foreclosure lawsuit and this lawsuit and was not therefore a necessary party to this lawsuit.  *See Spickler v. Ginn*, 2012 ME 46, 40 A.3d 999.

### B.        The Vacate Motion: ECF No. 107

The Court struggles to understand the Janelle/Monaghan vacate motion that they filed under ECF Number 107.  In the motion, they seek an order vacating the state of Maine District Court's foreclosure judgment in *U.S. Bank National Association as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificate 2004 v. Diane Janelle*, Docket No. BIDDC-RE-16-090.  *Defs.' Vacate Mot.* at 1.  The Defendants say that this Court's orders are "void for want of cause of action: no evidence of purported movant standing to grant jurisdiction to court **for <u>want of proof of possession and ownership of the mortgage note</u> <u>with the endorsement and the mortgage with the endorsement</u> for compliance to Maine Title 14 § 6321 to commence either BIDDC-RE-16-090 and 2:20-cv-0037-JAW**."  *Id.* (emphasis in original).

It is difficult to understand exactly what the Defendants are claiming on this point.  Their argument may be related to what appears to be a fundamental misunderstanding of the nature of the case before this Court, as the Court explained above.  U.S. Bank provided this Court with a final foreclosure judgment issued by the state of Maine District Court on July 2, 2019.  This judgment, which is entitled to full faith and credit, confirms that U.S. Bank "is entitled to judgment as a matter of law" and setting forth the amounts owed to U.S. Bank "under the terms of the Note and Mortgage."  *State Foreclosure J.* at 2-3.  If the Janelles and Mr. Monaghan disagree with the Maine District Court's ruling, the place to challenge it was in the Maine District Court, not in the United States District Court.  To the extent the Janelles

14

and Mr. Monaghan move this Court under Federal Rule of Civil Procedure 60(b) to disturb a July 2, 2019, final judgment of the state court, the motion is frivolous.

### C.        The Waiver and Lis Pendens Motion: ECF No. 108

In this motion, the Janelles and Mr. Monaghan write:

> See attached **Exhibit-C3**, recorded Waiver of foreclosure and Lis Pendens notice of default on Subpoena Duces Tecum at *Monaghan Court* Claim: Cla[i]mant no. RA 479 917 999 US at not in PORSC-CV-2021-00217 and at purported 2:20-cv-0037-JAW.   Purported Movant at purported 2:20-cv-0037-JAW fails to produce evidence of standing to move purported 2:20-cv-0037-JAW and by default, admit wrong of trespass by way of forgery requiring discharge, expunge and compensation to Claimants.

*Defs.' Waiver and Lis Pendens Mot.* at 1.  Exhibit C3 is a document entitled "Waiver of Foreclosure" that was recorded on August 13, 2021, in the York County Registry of Deeds.  *Id.* Attach. 2, *Waiver of Foreclosure* at 1 (*Wavier of Foreclosure*).  This document was signed and acknowledged on August 13, 2021, by Shane Janelle purportedly on behalf of U.S. Bank.  *Id.* at 3.  The document refers to an "ADMINISTRATE DECLARATORY JUDGMENT," which Mr. Janelle says was recorded in the York County Registry of Deeds on August 18, 2020, and which he says "grant[ed] Diane Janelle and/or Shane Janelle, the right, title and power to abandon the foreclosure of the mortgage at this time."  *Id.* at 2.

In its response, U.S. Bank decries the Waiver and Lis Pendens motion as "infused with fraud."  *Pl.'s Consolidated Opp'n* at 6.  U.S. Bank points out that the Court has already ruled that the Janelles and Mr. Monaghan may not "prepare, sign and record a 'Waiver of Foreclosure' on behalf of [U.S. Bank]."  *Id.*

The Court denies the Waiver and Lis Pendens motion.  The main sentence of Defendants' motion quoted above is wholly incomprehensible.  It strings together a series of recognized legal phrases, which independently have accepted legal meanings, but as collected here, simply make no sense.  Furthermore, it references the so-called Monaghan Court, which is not, to this Court's knowledge, a judicial entity recognized by the constitutions of the United States and the state of Maine.

Defendants' incomprehensible motion becomes clearer in light of a recent *Boston College Law Review* article on what the author terms "pseudolitigation tactics," describing the surprisingly widespread practice of pro se litigants submitting court filings that are nothing more than "a collection of legal-sounding but false rules that purport to be law."  *See* Samuel Barrows, *Sovereigns, Freemen, and Desperate Souls: Toward a Rigorous Understanding of Pseudolitigation Tactics in United States Courts.*  62 B.C. L. REV. 905, 906 (2021) (quoting Colin McRoberts, *Tinfoil Hats and Powdered Wigs: Thoughts on Pseudolaw*, 58 WASHBURN L.J. 637, 643 (2019)) (BARROWS).

In his article, Mr. Barrows details some of the usual indicia of a pseudolitigant and it is remarkable how many of these indicia are evident in this case.  For example, Mr. Barrows observes that one "common and characteristic sign of a pseudolitigant is the use of unusual and grammatically inapposite punctuation, capitalization, and spelling, especially regarding names."  *Id.* at 916.  Mr. Barrows quotes an opinion from Associate Chief Justice Rooke of the Court of Queen's Bench of Alberta, Canada in *Meads v. Meads*, 2012 ABQB 571 (Can.) that one of the gurus of pseudolitigation,

David Kevin Lindsay, styles his name as David-Kevin: Lindsay." *Id.* at 916 (quoting *Meads*, 2012 ABQB 571, ¶¶ 206-07).   Here, the Janelles and Mr. Monaghan have consistently referred to themselves as "'i': man; Shane; and 'i': a [wo]man; Diane; and; 'i': man; Stephen," *see e.g.*, *Conditional Acceptance* at 1 (ECF No. 93), or "Stephen Edward: Monaghan." *See e.g.*, *Notice # 3: Cert. of Default of Conditional Acceptance* at 2 (ECF No. 105) (*Conditional Acceptance*).

Mr. Barrows also notes that "[a]nother common tactic is to identify the litigant as '*X* of the family *Y*' or '*X* of the clan *Y*." BARROWS, 62 B.C. L. REV. at 916.   The Janelles and Mr. Monaghan have referred to themselves and others in this fashion as well. *Conditional Acceptance* at 3 ("Stephen Edward of the Monaghan clan").

Mr. Barrows also writes that "[p]seudolitigants will often describe themselves as 'a flesh and blood [wo]man' . . .." BARROWS, 62 B.C. L. REV. at 917.   Here, as noted above, the Defendants in this case have consistently used that terminology. *Conditional Acceptance* at 1.

Mr. Barrows observes that "[p]seudolitigants will often describe the state or federal government or the court as a 'corporation' or as 'de facto.'" BARROWS, 62 B.C. L. REV. at 917.   Here, the Defendants' filings are rife with such references. *See e.g.*, *Conditional Acceptance* at 1 ("'i': man; Shane; and 'i': a [wo]man; Diane; and; 'i': man; Stephen; write to John A. Woodcock; the man who sometimes acts as employee and Judge of D-U-N-S Corporation 1ST CIRCUIT COURT a/k/a U.S. District Court, District of Maine").

Mr. Barrows states that other "common phrases found in pseudolitigants' filings include the phrase 'service to agent is service to principal' and/or 'service to principal is service to agent." BARROWS, 62 B.C. L. REV. at 917-18.  Here, nearly every filing by the Defendants contains the following language: "Notice to Agent is Notice to Principal and Notice to Principal is Notice to Agent." *Conditional Acceptance* at 1.

In short, in their filings in this Court, the Defendants have demonstrated many of the earmarks of pseudolitigants.  The Court does not know what is motivating the Janelles and Mr. Monaghan in their repeatedly making these unconventional filings. Nevertheless, as Mr. Barrows indicated, "[t]hough the bizarre and fanciful theories of pseudolitigants may make them seem like figures of bemusement, they are far from harmless." BARROWS, 62 B.C. L. REV. at 921.  In addition to wasting judicial time, Mr. Barrows described precisely what U.S. Bank is complaining about in this case: "These litigants are also notorious for their use of fraudulent liens to harass their perceived opponents." *Id.*  Indeed, Mr. Barrows and other authors have described the act of making false filings in the registry of deeds as "paper terrorism." *Id.*; Joshua P. Wier, *Sovereign Citizens: A Reasoned Response to the Madness*, 19 LEWIS & CLARK L. REV. 829, 856-57 (2015).

To address the main contention, Mr. Janelle presented no basis for his claim that U.S. Bank, now suing him to prevent unauthorized filings in the York County Registry of Deeds, authorized him to sign and file a "Waiver of Foreclosure" document on behalf of U.S. Bank in the York County Registry of Deeds.  Indeed, it would be extraordinary for a mortgagee to authorize a mortgagor to sign documents on behalf

of the mortgagee to discharge the debt the mortgagor owed the mortgagee. The Court will not accept Mr. Janelle's "Waiver of Foreclosure" absent some proof that U.S. Bank did what it says it did not do and that would be contrary to its lawsuit. As U.S. Bank observed, the Court addressed this same point in its summary judgment order. *See Am. Order on Pl.'s Mot. for Summ. J.* at 17 (quoting 33 M.R.S. § 551) (ECF No. 92). Finally, as this Court has described, Mr. Janelle's filing of unauthorized documents in the York County Registry of Deeds is consistent with the practices of other pseudolitigants throughout this Country and beyond.

## IV.    THE PLAINTIFF'S MOTIONS

### A.    Motion to Dismiss Less Than All Counts

In its motion to dismiss and motion for final judgment, U.S. Bank recites the history of this case. *Mot. for Final J.* at 1-4. U.S. Bank notes that on July 15, 2021, the Court issued an order, granting in part and denying in part the Bank's motion for summary judgment. *Id.* at 3. U.S. Bank observes that the Court granted summary judgment on the declaratory judgment count, granted summary judgment in part and declined to do so in part on the fraud count. *Id.* As the Court set Count II for trial on damages, U.S. Bank concluded that it did not wish to proceed with Count II, and it asked the Court to dismiss Count II without prejudice. *Id.* U.S. Bank also asked the Court to issue a final judgment on Count I. The Janelles and Mr. Monaghan did not respond to U.S. Bank's motion to dismiss and motion for final judgment.

The Court has reviewed U.S. Bank's motion and has taken into account the Janelles and Mr. Monaghan's failure to respond to the motion. The Court grants the motion in the form of the final judgment U.S. Bank proposed.

## B. Motion to Enjoin Defendants from Filing Additional Documents in the Registry of Deeds

In its second motion dated September 10, 2021, U.S. Bank recites the history of this case. *Pl.'s Mot. to Enjoin* at 1-6. In its motion, U.S. Bank notes that the Janelles and Mr. Monaghan filed a fraudulent document with the York County Registry of Deeds even while this case has been pending. *Id.* at 4 (referring to the Waiver of Foreclosure). U.S. Bank asks that this Court strike the Waiver of Foreclosure document from the York County Registry of Deeds and, citing 14 M.R.S. § 5960, enjoin the Defendants or anyone acting on their behalf from filing additional documents with the Register of Deeds for York County relating to the property located at 439 Pool Street in Biddeford, Maine without first obtaining leave of Court to do so and authorize the Register of Deeds for York County to reject any filings filed in violation of this Court's Order. *Id.* at 6. The Janelles and Mr. Monaghan did not respond to U.S. Bank's motion to enjoin and strike.

The Court agrees with U.S. Bank that it has the authority under 14 M.R.S. § 5960 to strike the Waiver of Foreclosure and to enjoin the Defendants from future filings without leave of this Court. *See Le May v. Anderson*, 397 A.2d 984 (Me. 1979) (affirming the trial court's authority to enjoin the defendants from interfering with the plaintiffs' right of way over the defendants' land); *Sprague Corp. v. Sprague*, 855 F. Supp. 423 (D. Me. 1994).

The language of 14 M.R.S. § 5960, however, gives the Court some pause. It states:

> Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to the court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment to show cause why further relief should not be granted forthwith.

This statutory language appears to require that the Court give the Janelles and Mr. Monaghan an opportunity to show cause as to why the relief being requested by U.S. Bank should not be granted. The Court is not certain that this language applies to this situation, where there is a pending declaratory judgment action, the plaintiff is seeking additional relief based in part on events that occurred after the filing of the action, and the defendants have failed to respond to the plaintiff's petition. Nevertheless, to make certain that the Court has complied with the language of the statute, the Court is ordering the Janelles and Mr. Monaghan to respond to U.S. Bank's motion within twenty-one days of the date of this order and show cause as to why U.S. Bank's requested relief should not be granted.

## V.   CONCLUSION

The Court GRANTS Plaintiff's Motion to Dismiss Less than All Counts and for Entry of Final Judgment on Count I (ECF No. 103); the Court DENIES the Defendants' Notice: Wrong Parties, No Commencement (ECF No. 106); Notice: Vacate Void EF 92 Attached (ECF No. 107); Notice: Waiver of Foreclosure, Lis Pendens (ECF No. 108); the Court STRIKES as redundant Defendants' *Notice: Vacate*

*Void EF 16 Attached* (ECF No. 110); and the Court DEFERS final action on Plaintiff's Petition for Supplemental Relief (ECF No. 112) to give the Defendants an opportunity to show cause as may be contemplated by the applicable statute.  The Court will also defer the issuance of a final judgment pending resolution of the Plaintiff's Petition for Supplemental Relief.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 18th day of October, 2021