UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK N.A., AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-4, <br><br> Plaintiff, <br><br> v. <br><br> DIANE JANELLE, SHANE JANELLE, and STEPHEN MONAGHAN, <br><br> Defendants. | No. 2:20-cv-00337-JAW |

**ORDER ON MOTION TO VACATE VOID ACTION AND ORDER ON MOTION FOR SUPPLEMENTAL RELIEF**

The Court (1) denies the Defendants' reiterated motion to vacate void action in which the Defendants ask this Court to declare void a final foreclosure judgment of the state of Maine District Court, and (2) grants the Plaintiff's motion to enjoin the Defendants from filing additional documents in the York County Registry of Deeds.

**I.    BACKGROUND**

   **A.    Procedural Background**

On November 12, 2021, Shane Janelle, Diane Janelle, and Stephen Monaghan filed a motion to vacate void action. *Mot. to Vacate Void Action* (ECF No. 118) (*Defs.' Mot. to Vacate*). On November 12, 2021, U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates,

Series 2005-4 (U.S. Bank) filed a response. *Pl.'s Resp. to Mot. to Vacate J. (ECF No. 118)* (ECF No. 121) (*U.S. Bank's Opp'n to Defs.' Mot. to Vacate*).

On September 10, 2021, U.S. Bank filed a motion for an order to enjoin the Defendants from filing additional documents with the Registry of Deeds. *Pl.'s Pet. for Supp. Relief* (ECF No. 112). In its amended order dated October 18, 2021, the Court agreed with U.S. Bank that it has the authority to issue such an injunction, but the Court deferred ruling in order to comply with 14 M.R.S. § 5960. *Am. Order on Pending Mots.* at 20-21 (ECF No. 117). The Court ordered the Janelles and Mr. Monaghan to respond within twenty-one days. *Id.* The Janelles and Mr. Monaghan did not, however, respond.

### B.     Factual Background

On September 23, 2020, U.S. Bank filed a lawsuit in this Court, asserting that Shane Janelle, Diane Janelle, and Stephen Monaghan had been filing unauthorized and fraudulent documents in the Registry of Deeds for York County purporting to extinguish U.S. Bank's property interest in 493 Pool Street, town of Biddeford, county of York, state of Maine. *Compl.* (ECF No. 1). U.S. Bank represented that it was the holder of mortgage on a residence located at 493 Pool Street, Biddeford, Maine, had initiated a foreclosure action against the Janelles in Maine District Court, and, after a trial on May 17, 2019, the District Court entered a judgment of foreclosure on July 2, 2019, in favor of U.S. Bank and against the Janelles. *Id.* ¶¶ 8-12. U.S. Bank alleged that the Janelles had not paid the foreclosure judgment and it was authorized to proceed to public sale of the property. *Id.* ¶¶ 12-13.

U.S. Bank further alleged rather than pay the foreclosure judgment, the Janelles together with Mr. Monaghan engaged in a "fraudulent scheme to cloud the right of [U.S. Bank] to enforce the Mortgage and its Foreclosure Judgment." *Id.* ¶ 14. U.S. Bank sought a declaratory judgment that it did not authorize the fraudulent filings as well as further relief to protect its legal rights in 493 Pool Street. *Id.* at 6-7.

Acting pro se, the Janelles and Mr. Monaghan defended U.S. Bank's Complaint in a highly unorthodox and occasionally bizarre fashion. *See Order on Pl.'s Mot. for Summ. J.* at 1-23 (ECF No. 91). On July 15, 2021, the Court issued an order granting summary judgment to U.S. Bank and against the Janelles and Mr. Monaghan on the declaratory judgment count and deferring ruling on the fraud count. *Id.* at 22-23. On August 12, 2021, U.S. Bank moved to dismiss the fraud count and moved the Court to enter final judgment on the declaratory judgment count, *Pl.'s Mot. to Dismiss Less Than All Counts and for Entry of Final J. on Count I* (ECF No. 103), and on September 10, 2021, U.S. Bank moved to enjoin the Janelles and Mr. Monaghan from filing additional documents in the York County Registry of Deeds. *Pl.'s Pet. for Supp. Relief.* at 1. The Janelles and Mr. Monaghan responded with a series of motions. *See Order on Pending Filings* at 2-3 (ECF No. 113). The Court addressed the pending motions in its September 13, 2021, and October 15, 2021, orders (the latter order amended on October 18, 2021 to correct a clerical error). *Order on Pending Filings*; *Order on Pending Mots.* (ECF No. 116); *Am. Order on Pending Mots.* (ECF No. 117).

As reflected in its October 18, 2021, amended order, the Court granted U.S. Bank's August 12, 2021, motion to dismiss less than all counts, denied and struck the Janelles and Mr. Monaghan's motions, and deferred action on U.S. Bank's motion to enjoin the Janelles and Mr. Monaghan to afford them the opportunity to respond. *Am. Order on Pending Mots.* at 21-22.

## II.   DISCUSSION

### A.   Defendants' Motion to Vacate Void Action

During this litigation, the Janelles and Mr. Monaghan have contended that the judgment of foreclosure issued by the state of Maine District Court is legally defective and therefore U.S. Bank may not proceed with this lawsuit. *See Notice: Vacate Void EF 92 Attached* (ECF No. 107). The Court addressed this issue in its order on U.S. Bank's motion for summary judgment. *Am. Order on Pending Mots.* at 13-15. In that order, the Court explained:

> U.S. Bank provided this Court with a final foreclosure judgment issued by the state of Maine District Court on July 2, 2019. This judgment, which is entitled to full faith and credit, confirms that U.S. Bank "is entitled to judgment as a matter of law" and set[s] forth the amounts owed to U.S. Bank "under the terms of the Note and Mortgage."

*Id.* at 14 (quoting *State Foreclosure J.* at 2-3). The Court observed that "[i]f the Janelles and Mr. Monaghan disagree with the Maine District Court's ruling, the place to challenge it was in the Maine District Court, not in the United States District Court." *Id.*

The Janelles and Mr. Monaghan's motion to vacate void judgment is their latest iteration of their view that the state of Maine District Court foreclosure

judgment is legally defective. *Defs.' Mot. to Vacate* at 1-3. The Janelles and Mr. Monaghan are of the view that after U.S. Bank initiated the foreclosure action in Maine District Court, U.S. Bank failed to "bring[] forward **"the"** genuine mortgage note with **"the"** genuine mortgage, **"the"** genuine endorsements and **"the"** assignments." *Id.* at 1 (emphasis in original). But, as this Court has written previously, the state of Maine District Court foreclosure judgment is a final legal judgment of a state court and is entitled to full faith and credit in this Court. *Am. Order on Pending Mots.* at 14. The Janelles and Mr. Monaghan's reiteration of a meritless argument, one this Court has previously rejected, does not change the result.

### B. U.S. Bank's Motion to Enjoin

In its order on pending motions dated October 15, 2021, the Court addressed U.S. Bank's motion to enjoin the Janelles and Mr. Monaghan. *Am. Order on Pending Mots.* at 21-22. As the Janelles and Mr. Monaghan failed to respond to the order requiring their response and as U.S. Bank has presented a convincing case for the need for injunctive relief, the Court GRANTS U.S. Bank's Plaintiff's Petition for Supplemental Relief (ECF No. 112). In evaluating U.S. Bank's motion for injunctive relief, the Court assessed the well-established factors for such relief:

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

*Esso Std. Oil Co. v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006) (quoting *Bl(a)ck Tea Soc'y v. City of Bos.*, 378 F.3d 8, 11 (1st Cir. 2004)) (alteration in *Esso Std. Oil Co.*). In this case, it is not necessary to undertake an elaborate analysis because U.S. Bank has established to this Court's satisfaction that it obtained a valid state court judgment of foreclosure and sale of 493 Pool Street in Biddeford, Maine, that it is entitled pursuant to that judgment to sell the property, that the Janelles and Mr. Monaghan have filed numerous unauthorized and fraudulent documents in the York County Registry of Deeds to frustrate and undermine the District Court's final foreclosure judgment, and that the injunction is necessary to maintain the accuracy and reliability of the York County Registry of Deeds' records, including specifically the chain of title for 493 Pool Street, Biddeford, Maine. The Court therefore grants the Plaintiff's motion for supplemental relief and issues a judgment in the form proposed[1] by U.S. Bank.

### III.  CONCLUSION

The Court DENIES the Defendants' Motion to Vacate Void Action (ECF No. 118) and GRANTS the Plaintiff's Petition for Supp. Relief (ECF No. 112). The Court is contemporaneously issuing a judgment reflecting relief consistent with this order.

---

[1]   U.S. Bank filed two proposed judgment with the Court. S*ee Pl.'s Mot. to Dismiss Less Than All Counts and for Entry of Final J. on Count I* (ECF No. 103), Attach. 1, *Final J.*; *Pl.'s Pet. for Supp. Relief* (ECF No. 112), Attach. 1, *Supp. J.*  To avoid confusion the Court combined the proposed judgments into a single document.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of November, 2021

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of November, 2021